UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CYNTHIA ORAVECZ, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br> vs.<br><br>SCOTT LOWERY LAW OFFICES, P.C. d/b/a P. SCOTT LOWERY, P.C., and CACH, LLC,<br><br>   Defendants. | Case No.: 14-cv-637<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Cynthia Oravecz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County). Her former last name is Wiseman.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely an alleged personal credit card debt.

5. Defendant Scott Lowery Law Office, P.C. ("Lowery") is a multi-state law firm with a principal place of business located at 5680 Greenwood Plaza Blvd., Suite 500, Greenwood Village, CO 80111. It does business under the trade name "P. Scott Lowery, P.C."

6. Lowery is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Lowery is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Lowery is a "debt collector" as defined in 15 U.S.C. § 1692a.

8. Defendant CACH, LLC ("CACH") is a foreign limited liability company with its principal place of business located at 1675 Broadway, Suite 1200, Denver, CO 80202.

9. CACH is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time CACH acquires them.

10. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

11. CACH uses third party debt collectors and attorneys, including Lowery, to collect allegedly defaulted debts that have been assigned to LVNV.

12. A company meeting the definition of a "debt collector" under the FDCPA (here, CACH) is vicariously liable for the actions of a second company collecting debts on its behalf. *Pollice*, 225 F.3d at 404-05 (holding that cases holding assignee vicariously liable for its attorneys' FDCPA violations applies equally to non-attorney debt collectors); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) (following *Pollice*, disagreeing with *Scally*); *contra Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1039 (N.D. Ill. 2005).

13. CACH, directly or indirectly, is a debt collector under the above arrangement and is jointly responsible for Lowery's actions. 15 U.S.C. § 1692a(6).

**FACTS**

14. On or around August 19, 2013, Lowery mailed a debt collection letter to Plaintiff regarding an alleged debt allegedly owed to CACH and allegedly previously owed to "Bank of America, N.A." A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

15. The alleged debt identified in <u>Exhibit A</u> was for an alleged personal credit card, used only for personal, family or household purposes.

16. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

17. <u>Exhibit A</u> contains the following text:

> Dear Cynthia . Wiseman:
>
> As you are aware from previous correspondence, our office represents the above-named creditor, CACH, LLC. Our office and client are willing to work with you during these difficult economic times. If you are experiencing financial difficulties, please contact us so that we can help you in working through the situation.
>
> In recognition of this challenging environment, our client has authorized a one-time settlement of your account. Please contact our office so that one of our professional non-attorney collectors may inform you of any other options that may also apply to your account.
>
> Please understand, this offer is for a limited time only and our client reserves the right to rescind this offer without further notice.

<u>Exhibit A</u>.

18. The letter purports to offer a "one-time settlement" of Plaintiff's account.

19. <u>Exhibit A</u> falsely states or implies that the settlement offer is valid "for a limited time only."

20. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

3

21. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

22. Further, the "limited time offer" language is merely a tactic to get consumers to pay anything on old debts that CACH purchased for pennies on the dollar, especially when an alleged debt has been sold to a debt buyer like CACH. *See* FTC, *The Structure and Practices of the Debt Buying Industry*, January, 2013 at 23 (available at http://www.ftc.gov/sites/default/files/documents/reports/structure-and-practices-debt-buying-industry/debtbuyingreport.pdf (Average purchase price for consumer credit card debt is 4.0 cents on the dollar).

23. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

24. Defendant did not use the safe harbor language in Exhibit A.

25. Upon information and belief, the deadline in Exhibit A to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

## COUNT I – FDCPA

26. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

27. <u>Exhibit A</u> includes false statements to the effect that the settlement offer is only available for a limited time.

28. Upon information and belief, Lowery and CACH would settle Plaintiff's and class members' debts at any time, regardless of the supposed deadline.

29. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

30. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

31. Lowery violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit A</u>, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after June 3, 2013, (e) that was not returned by the postal service.

33. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

34. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. §§ 1692e and 1692f.

35. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

5

36. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

37. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

38. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 3, 2014

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com